UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BARBARA WHITE, on behalf of herself
and other similarly situated**

    **Plaintiff,**

    v.

**Case No: 8:08-cv-620-T-30TGW**

**SUBCONTRACTING CONCEPTS, INC.,
et al.,**

    **Defendants.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant Expediting Shipping Solutions' Motion to Dismiss Plaintiff's Complaint (Dkt. #21), and Plaintiff's Response in opposition to the same (Dkt. #26). The Court, having reviewed the motion, response, and supporting memoranda, and being otherwise fully advised in the premises, determines the motion should be denied.

## Background

Plaintiff, Barbara White ("Plaintiff") filed a Complaint pursuant to the Fair Labor Standards Act of 1938 ("FLSA") seeking recovery for unpaid overtime compensation from Defendants, Subcontracting Concepts, Inc., Robert Lefbvre, Expedited Shipping Solutions, John Doe I, and John Doe II on April 2, 2008 (Dkt. 1). Plaintiff is seeking recovery for unpaid compensation during her employment as a truck driver during the three years

preceding the filing of the Complaint. Id.  On May 23, 2008, Expedited Shipping Solutions ("Defendant" or "ESS"), moved for an order dismissing the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that one or more of Plaintiff's claims are barred by the applicable statutes of limitations, and Plaintiff was not an employee of Defendant (Dkt. 21).

## Discussion

### I.     Motion to Dismiss Standard Under 12(b)(6)

To warrant dismissal of a complaint under 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).  To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1960 (2007).  The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.  See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985).  However, "a plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct.

At 1959.

## II.     Legal Analysis

Defendant's first argument, that Plaintiff's claims are barred by the applicable statutes of limitations, is premature. An action pursuant to the FLSA is barred unless commenced within two years after the cause of action accrued. 29 U.S.C. § 255(a). However, "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." Id. Each failure to pay overtime as required by the FLSA creates a new cause of action, and begins a new statute of limitations period. Knight v. Columbus, 19 F.3d 579, 582 (11th Cir. 1994). Defendant argues that Plaintiff fails to provide any facts showing a "willful" violation, and therefore all claims arising earlier than two years before the filing of the Complaint should be dismissed. However, the allegations of the Complaint, which must be taken as true at this stage, properly assert willfulness. And, all of the alleged violations occurred within three years of Plaintiff's filing of the Complaint. Compl. ¶ 2. Therefore, the Court will not dismiss Plaintiff's claims because of any conflict with the statute of limitations at this stage.

Defendant's second argument is that Plaintiff fails to assert sufficient facts to warrant the determination that she is an employee of ESS. In the employment discrimination context, "determination of the relationship does not depend on such isolated factors but rather upon the circumstances of the whole activity." Rutherford Food Corp. v. McComb, 331 U.S. 722, 730 (1947). Courts have created the economic realities test, which examines whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and

controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." <u>Villarreal v. Woodman</u>, 113 F.3d 202, 205 (11th Cir. 1997).

The Complaint alleges that ESS hired Plaintiff, and directed her and others to work at a specific retail store. Compl. ¶13. The relationship, if any, between Plaintiff and Defendant, and whether any violation was "willful," are factual issues better addressed at the summary judgment stage. Accordingly, Defendant's motion to dismiss is denied in its entirety.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Expediting Shipping Solutions' Motion to Dismiss Plaintiff's Complaint (Dkt. #21) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2008.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2008\08-cv-620.mtd 21.wpd