**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BARBARA WHITE, on behalf of herself
and others similarly situated**

    **Plaintiff,**

    **v.**                                   **Case No.  8:08-cv-620-T-30TGW**

**SUBCONTRACTING CONCEPTS, INC.,
et al.**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Conditional Class Certification of Collective Action and Permission to Send Court Supervised Notice and Incorporated Memorandum of Law (Dkt. 35), Defendant Expedited Shipping Solutions' Opposition to the same (Dkt. 40), and Defendant Subcontracting Concepts, Inc.'s, Opposition to the same (Dkt. 43).  The Court, having reviewed the motion, opposition, and supporting memoranda, and being otherwise fully advised in the premises, determines the motion should be granted.

Plaintiff seeks conditional certification of this case as a collective action consisting of all individuals that were assigned by Defendant Subcontracting Concepts, Inc. ("SCI") to provide delivery driving services to Defendant Expedited Shipping Solutions during any

period between April 2, 2005, and the present. Defendant objects to conditional certification, arguing Plaintiff has failed to demonstrate she is similarly situated to the proposed class.

Pursuant the Fair Labor Standards Act ("FLSA"),

> [a]n action to recover [unpaid minimum wage or overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). The Eleventh Circuit has recommended a two-tiered procedure for district courts to follow in determining whether to certify a collective action under § 216(b). Cameron-Grant v. Maxim Healthcare Systems, 347 F.3d 1240, 1242 (11th Cir. 2003) (citing Hipp v. Liberty National Life Insurance Co., 252 F.3d 1208, 1216 (11th Cir. 2001)). In Cameron-Grant, the Eleventh Circuit discussed this approach as follows:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly

> situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-i.e. the original plaintiffs-proceed to trial on their individual claims.

Id. at 1243-44 (quoting Hipp, 252 F.3d at 1218 (additional citations omitted)).  In Hipp, the Eleventh Circuit further noted that "[n]othing in our circuit precedent, however, requires district courts to utilize this approach." Hipp, 252 F.3d at 1219.  Rather, "[t]he decision to create an opt-in class under § 216(b) . . . remains soundly within the discretion of the district court." Id.

The instant Motion addresses only the first tier of the analysis, the notice stage. Defendants oppose conditional certification on several grounds.  First, Defendants argue Plaintiff has not met her burden of showing she was an employee entitled to overtime compensation.  This Court has already held that the nature of Plaintiff's employment relationship with Defendants, as well as whether any violation by Defendants was willful, are factual issues better addressed at the summary judgment stage. See July 30, 2008 Order at Dkt. 48.

Defendants next argue that certification is improper because: (i) the duties and compensation of Plaintiff and the proposed Opt Ins varied substantially, (ii) Plaintiff has failed to establish similarly situated employees wish to opt-in to this action, and (iii) the geographical scope of the proposed class is too broad.  Upon review of the pleadings, affidavits, declarations, and consent forms filed thus far, the Court concludes Plaintiff has met the light burden required at this stage of the proceedings.  Plaintiff need only show that

her position was similar, not identical, to those held by putative class members. <u>Robbins-Pagel v. Pucket</u>, 2006 WL 3393106 (M.D.Fla. November 22, 2006) (citing <u>Grayson v. K-Mart Corporations</u>, 79 F.3d 1086, 1096 (11th Cir. 1996)). Plaintiff has demonstrated sufficient similarity in the various driver positions and has therefore met her light burden. Moreover, Plaintiff has established that similarly situated employees wish to opt-in to this litigation. Defendants may again address the issue in a motion for decertification after appropriate discovery has been taken.

Defendants have also argued the class notice proposed by Plaintiff fails to adequately warn the potential class of the consequences of opting-in, including liability for indemnification, attorney's fees and costs. Upon review of the proposed notice, the Court approves of the proposed notice except to the extent it fails to warn potential class members of such consequences. Defendant shall have seven (7) days from the date hereof to propose appropriate language to warn potential class members of such consequences, failing which the Court will approve the proposed notice in all respects.

Therefore, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Conditional Class Certification of Collective Action and Permission to Send Court Supervised Notice (Dkt. 35) is **GRANTED in part and DENIED in part** as set forth herein.

2. Defendants shall have seven (7) days from the date hereof to propose an addendum to the class notice proposed by Plaintiff. The content of the addendum shall be limited to warning prospective class members regarding the

potential consequences of opting-in to this action. Defendants failure to timely propose such language will result in approval of Plaintiff's notice, as proposed, without further notice.

3. Within thirty (30) days of the date hereof, Defendants shall produce to Plaintiff a computer readable data file containing the names, last known addresses and Social Security Numbers of all individuals that were assigned by Defendant Subcontracting Concepts, Inc., to provide delivery driving services to Defendant Expedited Shipping Solutions during any period between April 2, 2005, and the present.

**DONE** and **ORDERED** in Tampa, Florida on November 14, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-620.mt certify class.frm